J-S20030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES EDWARD CARTER, JR., | |
| Appellant | No. 1651 WDA 2014 |

Appeal from the PCRA Order Entered September 3, 2014
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000077-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 22, 2015**

Appellant, James Edward Carter, Jr., appeals from the order entered September 3, 2014, by the Court of Common Pleas of Beaver County, which denied his petitions[1] filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

The PCRA court aptly summarized facts of the underlying criminal case and the procedural history, as follows:

> The above-captioned matter arises out of a series of controlled drug transactions arranged by the Pennsylvania Office of the Attorney General.  On August 6, 2010, Agent Ronald A. Pate of the Attorney General's Office provided $1,500.00 to a confidential informant for the purpose of purchasing one pound of marijuana from Defendant James Edward Carter, Jr. (hereinafter, "Defendant").  Later that day, while agents of the

---

[1]  Appellant's *pro se* PCRA petition was incorporated by reference into the amended petition filed by appointed counsel.

Attorney General's Office watched, the informant provided the $1,500.00 to Defendant. At approximately 4:01 p.m., Defendant delivered to the informant a large zip-loc bag containing approximately one pound of green vegetable matter. The substance inside the bag was sent to the Greensburg Crime Lab for testing, and the test results revealed that the substance was 429 grams of marijuana.

On August 16, 2010, the informant was supplied with $3,200 for the purpose of purchasing cocaine from Defendant. Later that day, while agents watched and positively identified Defendant, the informant provided the $3,200 to Defendant. On August 30, 2010 at 1:32 p.m., Defendant delivered a baggie containing a light-colored powder to the informant by placing it in a sock by a stop sign and instructing the informant to pick it up. The baggie containing the powder was subsequently sent to the DEA Northeast Crime Lab for testing, and the test results revealed that the powder weighed 146.9 grams and contained cocaine.

On August 9, 2011, Agent Pate from the Pennsylvania Attorney General's Office and Detective Todd Naylor filed a criminal complaint charging Defendant with four counts of possession with intent to deliver under 35 P.S. § 780-113(a)(30), two counts of possession of a controlled substance under 35 P.S. § 780-113(a)(16), and one count of theft by deception under 18 Pa.C.S.A. § 3922(a)(1). Defendant was arrested shortly thereafter. On January 12, 2012, Defendant waived his right to a preliminary hearing. On February 13, 2012, the Commonwealth filed an Information charging Defendant with two counts of possession with intent to deliver, two counts of possession, and one count of theft by deception.

After several continuances of Defendant's trial, Defendant and his attorney, Mr. Louis Emmi, completed the process of selecting a jury. On March 5, 2013, before the jury was sworn, Defendant and the Commonwealth reached an agreement in which Defendant pled guilty to two counts of possession with intent to deliver. In exchange, the Commonwealth reduced the weight from 146.9 grams of cocaine to 49 grams, waived the mandatory minimum sentence, and Defendant was not required to report for execution of the sentence for a period of one month. Defendant signed an A Information, pleading guilty to the amended charges under the agreement and also signed a waiver of arraignment. In accordance with the plea agreement,

- 2 -

Defendant was sentenced on the same date to a term of imprisonment of not less than two and one-half years nor more than five years. The Sentence Order stated that, pursuant to Defendant's plea agreement, execution of the sentence was deferred to April 4, 2013 at 9:00 a.m., when Defendant was to report to the Beaver County Jail to begin serving his sentence. On April 4, 2013, Defendant failed to appear at the Beaver County Jail as required. As a result, a bench warrant for Defendant's arrest was issued on April 5, 2013. Defendant was subsequently arrested and incarcerated on August 4, 2013.

On November 8, 2013, Defendant filed a *pro se* Motion for Post Conviction Collateral Relief in which he claims that his sentence was improperly calculated, that the "evidence is more than questionable[,]" that his counsel was ineffective, and that the "evidence [was] not at trial when [Defendant was] coerced into a plea bargain "'deal.'" *Pro se* PCRA Pet., at 4. As this was Defendant's first PCRA petition in this matter, the Court appointed the Beaver County Public Defender to represent Defendant in these proceedings. On March 14, 2014, Defendant, through counsel, filed an Amended Petition for Post Conviction Relief. In the Amended Petition, Defendant incorporates his *pro se* PCRA petition by reference, and he averred that his March 5, 2013 guilty plea was not knowing, intelligent, and voluntary because he was coerced by his counsel into accepting a plea agreement he did not entirely understand or want. As relief, Defendant requests a new trial, an evidentiary hearing, or modification of his sentence. On April 22, 2014, the Commonwealth filed an Answer to Defendant's Post Conviction Relief Petition in which the Commonwealth asserts that Defendant's plea colloquy demonstrates that he understood the plea agreement and was not coerced into accepting it. The Answer also contains a New Matter in which the Commonwealth claims that Defendant failed to comply with the mandates of 42 Pa.C.S.A. § 9545(d) and, therefore, is not entitled to a hearing or any relief.

Despite the Commonwealth's claim in its New Matter, the Court held a hearing in this matter on June 9, 2014. During the hearing, Defendant was the only witness that was available to testify. After Defendant testified, the Court issued an Order continuing the PCRA hearing to September 3, 2014. The parties were directed to ensure that Defendant's prior counsel, Louis Emmi, Esquire, and the Assistant District Attorney that represented the Commonwealth during Defendant's guilty plea,

Ronald DiGiorno, appear at the hearing. On September 3, 2014, the Court resumed Defendant's PCRA hearing, and heard testimony from Attorney Emmi, who testified that Defendant admitted his guilt to him and that he entered a knowing, intelligent, and voluntary plea in order to avoid a greater sentence.

The Court entered an Order denying Defendant's PCRA petitions on September 4, 2014. On September 5, 2014, Defendant attempted to file *pro se* a Post-Sentence Motion to reverse his conviction.[1] A Notice of Appeal was then filed on October 2, 2014. On October 6, 2014, Defendant was directed to file a 1925(b) Concise Statement of Matters Complained of on Appeal. Defendant moved for an extension of time in which to file his Concise Statement, and this was granted by the Court on October 27, 2014. On November 7, 2014, Defendant filed his Concise Statement.

[1] The Motion was disregarded by the Court as an attempt to have hybrid representation when Defendant was already represented by counsel. *Commonwealth v. Ali*, 608 Pa. 71, 89, 10 A.3d 282, 293 (2010) (where "appellant was represented by counsel on appeal," "his *pro se* Rule 1925(b) statement was a legal nullity."); *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137, 1139, 1141 (1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal. . . . [A defendant may not] confuse and overburden the court by his own *pro se* filings of briefs at the same time his counsel is filing briefs on his behalf.").

PCRA Court Opinion, 11/19/14, at 1–4.

Appellant raises two issues for review:

1. The Appellant argues that the Court erred in denying his PCRA Petition alleging ineffective assistance of counsel at the time of the defendant's plea based upon the Defendant feeling coerced and pressured into pleading guilty.

2. The Appellant argues that the Court erred in denying his PCRA Petition alleging ineffective assistance of counsel because counsel failed to explain by way of colloquy to the Appellant that

he was entering a plea to amended information and would be sentenced to the amended information presented by the Commonwealth.

Appellant's Brief at 5.

When reviewing an order denying post-conviction relief, the standard of review is limited to whether the record supports the PCRA court's determination and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014).

Both of Appellant's issues allege that counsel's ineffectiveness caused him to enter a plea that was not knowing, intelligent, and voluntary. ***See Commonwealth v. Fears***, 86 A.3d 795, 806–807 (Pa. 2014) (quoting ***Commonwealth v. Allen***, 732 A.2d 582, 587 (Pa. 1999) (allegations of ineffectiveness in connection with the entry of guilty plea will serve as basis for relief if ineffectiveness caused appellant to enter involuntary or unknowing plea)). To allege a cognizable ineffectiveness claim under the PCRA, Appellant must demonstrate:

> (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.*, there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (quoting

***Commonwealth v. Bracey***, 795 A.2d 935, 942 (Pa. 2001) (citations

omitted)).

We have reviewed the briefs of the parties, the relevant law, the certified record before us on appeal, and the thorough opinion of the PCRA court dated November 19, 2014. We conclude that each ineffectiveness claim raised by Appellant lacks merit and the PCRA court's well-crafted opinion adequately addresses Appellant's claims on appeal. Accordingly, we affirm on the basis of the PCRA court's opinion and adopt its reasoning as our own. The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2015

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA
CRIMINAL DIVISION – LAW

COMMONWEALTH OF PENNSYLVANIA,   :
                 :
  vs.              :
                 :    No. 77 of 2012
JAMES EDWARD CARTER, JR.,    :
                 :
  Defendant.         :

## RULE 1925(a) OPINION

Tesla, J.                 November 19, 2014

Before this Court for disposition are the petitions for post-conviction collateral relief under the Post Conviction Relief Act (hereinafter, "PCRA") filed on behalf of Defendant James Edward Carter, Jr. For the reasons stated below, Defendant's petitions are denied.

### FACTS AND PROCEDURAL HISTORY

The above-captioned matter arises out of a series of controlled drug transactions arranged by the Pennsylvania Office of the Attorney General. On August 6, 2010, Agent Ronald A. Pate of the Attorney General's Office provided $1,500.00 to a confidential informant for the purpose of purchasing one pound of marijuana from Defendant James Edward Carter, Jr. (hereinafter, "Defendant"). Later that day, while agents of the Attorney General's Office watched, the informant provided the $1,500.00 to Defendant. At approximately 4:01 p.m., Defendant delivered to the informant a large zip-loc bag containing approximately one pound of green vegetable matter. The substance inside the bag was sent to the Greensburg Crime Lab for testing, and the test results revealed that the substance was 429 grams of marijuana.

On August 16, 2010, the informant was supplied with $3,200 for the purpose of purchasing cocaine from Defendant. Later that day, while agents watched and positively

identified Defendant, the informant provided the $3,200 to Defendant. On August 30, 2010 at 1:32 p.m., Defendant delivered a baggie containing a light-colored powder to the informant by placing it in a sock by a stop sign and instructing the informant to pick it up. The baggie containing the powder was subsequently sent to the DEA Northeast Crime Lab for testing, and the test results revealed that the powder weighed 146.9 grams and contained cocaine.

On August 9, 2011, Agent Pate from the Pennsylvania Attorney General's Office and Detective Todd Naylor filed a criminal complaint charging Defendant with four counts of possession with intent to deliver under 35 P.S. § 780-113(a)(30), two counts of possession of a controlled substance under 35 P.S. § 780-113(a)(16), and one count of theft by deception under 18 Pa.C.S.A. § 3922(a)(1). Defendant was arrested shortly thereafter. On January 12, 2012, Defendant waived his right to a preliminary hearing. On February 13, 2012, the Commonwealth filed an Information charging Defendant with two counts of possession with intent to deliver, two counts of possession, and one count of theft by deception.

After several continuances of Defendant's trial, Defendant and his attorney, Mr. Louis Emmi, completed the process of selecting a jury. On March 5, 2013, before the jury was sworn, Defendant and the Commonwealth reached an agreement in which Defendant pled guilty to two counts of possession with intent to deliver. In exchange, the Commonwealth reduced the weight from 146.9 grams of cocaine to 49 grams, waived the mandatory minimum sentence, and Defendant was not required to report for execution of the sentence for a period of one month. Defendant signed an A Information, pleading guilty to the amended charges under the agreement and also signed a waiver of arraignment. In accordance with the plea agreement, Defendant was sentenced on the same date to a term of imprisonment of not less than two and one-half years nor more than five years. The Sentence Order stated that, pursuant to Defendant's plea agreement,

2

execution of the sentence was deferred to April 4, 2013 at 9:00 a.m., when Defendant was to report to the Beaver County Jail to begin serving his sentence. On April 4, 2013, Defendant failed to appear at the Beaver County Jail as required. As a result, a bench warrant for Defendant's arrest was issued on April 5, 2013. Defendant was subsequently arrested and incarcerated on August 4, 2013.

On November 8, 2013, Defendant filed a *pro se* Motion for Post Conviction Collateral Relief in which he claims that his sentence was improperly calculated, that the "evidence is more than questionable[,]" that his counsel was ineffective, and that the "evidence [was] not at trial when [Defendant was] coerced into a plea bargain 'deal.'" *Pro se* PCRA Pet., at 4. As this was Defendant's first PCRA petition in this matter, the Court appointed the Beaver County Public Defender to represent Defendant in these proceedings. On March 14, 2014, Defendant, through counsel, filed an Amended Petition for Post Conviction Relief. In the Amended Petition, Defendant incorporates his *pro se* PCRA petition by reference, and he averred that his March 5, 2013 guilty plea was not knowing, intelligent, and voluntary because he was coerced by his counsel into accepting a plea agreement he did not entirely understand or want. As relief, Defendant requests a new trial, an evidentiary hearing, or modification of his sentence. On April 22, 2014, the Commonwealth filed an Answer to Defendant's Post Conviction Relief Petition in which the Commonwealth asserts that Defendant's plea colloquy demonstrates that he understood the plea agreement and was not coerced into accepting it. The Answer also contains a New Matter in which the Commonwealth claims that Defendant failed to comply with the mandates of 42 Pa.C.S.A. § 9545(d) and, therefore, is not entitled to a hearing or any relief.

Despite the Commonwealth's claim in its New Matter, the Court held a hearing in this matter on June 9, 2014. During the hearing, Defendant was the only witness that was available to

3

testify. After Defendant testified, the Court issued an Order continuing the PCRA hearing to September 3, 2014. The parties were directed to ensure that Defendant's prior counsel, Louis Emmi, Esquire, and the Assistant District Attorney that represented the Commonwealth during Defendant's guilty plea, Ronald DiGiorno, appear at the hearing. On September 3, 2014, the Court resumed Defendant's PCRA hearing, and heard testimony from Attorney Emmi, who testified that Defendant admitted his guilt to him and that he entered a knowing, intelligent, and voluntary plea in order to avoid a greater sentence.

The Court entered an Order denying Defendant's PCRA petitions on September 4, 2014. On September 5, 2014, Defendant attempted to file *pro se* a Post-Sentence Motion to reverse his conviction.[1] A Notice of Appeal was then filed on October 2, 2014. On October 6, 2014, Defendant was directed to file a 1925(b) Concise Statement of Matters Complained of on Appeal. Defendant moved for an extension of time in which to file his Concise Statement, and this was granted by the Court on October 27, 2014. On November 7, 2014, Defendant filed his Concise Statement.

## ANALYSIS

In his Concise Statement, Defendant raises the following two issues: (1) "the Court erred in denying his PCRA Petition alleging ineffective assistance of counsel at the time of the defendant's plea based upon the Defendant feeling coerced and pressured into pleading guilty"; and (2) "the Court erred in denying his PCRA Petition alleging ineffective assistance of counsel because counsel failed to explain by way of colloquy to the Appellant that he was entering a plea

---

[1] The Motion was disregarded by the Court as an attempt to have hybrid representation when Defendant was already represented by counsel. Commonwealth v. Ali, 608 Pa. 71, 89, 10 A.3d 282, 293 (2010) (where "appellant was represented by counsel on appeal," "his *pro se* Rule 1925(b) statement was a legal nullity."); Commonwealth v. Ellis, 534 Pa. 176, 626 A.2d 1137, 1139, 1141 (1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal. . . . [A defendant may not] confuse and overburden the court by his own *pro se* filings of briefs at the same time his counsel is filing briefs on his behalf.").

4

to an amended information and would be sentenced to the amended information presented by the Commonwealth."

To be eligible for relief under the Commonwealth of Pennsylvania's Post Conviction Relief Act (hereinafter the "PCRA"), the petitioner must plead and prove by a preponderance of the evidence four general requirements. 42 Pa.C.S.A. §§ 9541-9546. First, the petitioner must have been convicted of a crime under Pennsylvania law and subsequently sentenced to either incarceration or probation. 42 Pa.C.S.A. § 9543(a)(1). Second, the conviction and sentence must have resulted from at least one of the errors and/or violations elucidated in § 9543(a)(2) of the PCRA. Third, the allegation of error must not have been previously litigated or waived by the petitioner. Id. at § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." Id. at § 9544(a)(2). A PCRA claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." Id. at § 9544(b). "'A petitioner can avoid a finding of waiver under the PCRA by making an adequate and properly layered claim of ineffective assistance of counsel at his first available opportunity to do so.'" Commonwealth v. Rivera, 2003 Pa.Super. 29, 816 A.2d 282, 287 (Pa.Super. 2003) (citing Commonwealth v. Abdul-Salaam, 808 A.2d 558, 560 n. 3 (Pa. 2001)). Finally, the petitioner must demonstrate that the failure to litigate the claim could not have been "the result of any rational, strategic or tactical decision by counsel." Id. at § 9543(a)(4).

Neither party disputes that Defendant meets the first requirement for eligibility for relief, as he was convicted of a crime under Pennsylvania law and subsequently sentenced to

5

incarceration. The next requirement mandates that the conviction and sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petition to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

Defendant's two issues meet these criteria. 42 Pa.C.S.A. § 9543 (a)(2)(ii), (iii).     Before considering whether any of the allegations of error were previously litigated or waived, the Court must consider whether error actually occurred.[2] Both of Defendant's arguments allege that his former counsel, Louis Emmi, was ineffective. In his first claim, Defendant alleges that he was

---

[2] Defendant had raised other arguments in his PCRA Petitions regarding the weight and sufficiency of the evidence and of the calculation of his sentence under the Sentencing Guidelines. By failing to include any of these in his Concise Statement they are waived and so unaddressed in this Opinion. Commonwealth v. Butler, 571 Pa. 441, 446, 812 A.2d 631, 633-34 (2002) ("PCRA appellants, in order to preserve their claims for appellate review, must comply whenever the PCRA court orders them to file a Statement of Matters Complained of on Appeal under Rule 1925. Accordingly, any issues not raised in a Rule 1925(b) statement are waived.").

6

coerced into entering a guilty plea. In his second claim, Defendant alleges that his counsel failed to explain to him that he was pleading to, and would be sentenced under, an amended information. In other words, under either of Defendant's claims, Attorney Emmi's alleged ineffectiveness stems from his efforts to coerce Defendant into entering a plea that was not knowing, voluntary, and intelligent.

The PCRA permits a petitioner to seek post-conviction relief for a claim of the ineffective assistance of trial counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). Under Pennsylvania law, there is a basic presumption that counsel acted effectively. Commonwealth v. Jones, 942 A.2d 903, 906 (Pa.Super. 2008). Thus, the burden rests on the petitioner to demonstrate ineffectiveness. Id. To do so, the petitioner "must plead and prove by a preponderance of evidence that his conviction resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reasonable adjudication of guilt or innocence could have taken place." Commonwealth v. Granberry, 644 A.2d 204, 207 (Pa.Super. 1994) (citing Commonwealth v. Dukeman, 565 A.2d 1204 (Pa.Super. 1989)).

Pennsylvania courts apply a three-prong test to determine whether the petitioner has established ineffectiveness of counsel. Commonwealth v. Sneed, 899 A.2d 1067, 1076 (Pa. 2006). The petitioner must first demonstrate that the issue underlying the claim has arguable merit. Id. Next, if the claim does have arguable merit, it must then be determined whether counsel's acts or omissions had some reasonable basis designed to serve the interests of his client. Id. "Once it has been determined that the particular course of action chosen by counsel had some reasonable basis designed to effectuate his client's interests, counsel will be deemed constitutionally effective." Commonwealth v. Miller, 431 A.2d 233, 235 (Pa. 1981) (citing Commonwealth ex rel. Washington v. Maroney, 235 A.2d 349 (Pa. 1978)). If a reasonable basis

7

for counsel's actions cannot be found, the petitioner must show that the ineffectiveness of counsel resulted in prejudice to him. Sneed, 899 A.2d at 1076. Failure to satisfy any of the three prongs will require rejection of the claim. Commonwealth v. Hammond, 953 A.2d 544, 556 (Pa.Super. 2008).

"It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial." Commonwealth v. Wah, 2012 Pa.Super. 54, 42 A.3d 335, 338 (2012) (citing Commonwealth v. Allen, 833 A.2d 800, 802 (Pa.Super. 2003)). "However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Commonwealth v. Willis, 2013 Pa.Super. 143, 68 A.3d 997, 1001-02 (citing Wah, 42 A.3d at 338). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Willis, 68 A.3d at 1002 (citing Wah, 42 A.3d at 338). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." Willis, 68 A.3d at 1002 (citing Commonwealth v. Anderson, 995 A.2d 1184, 1192 (Pa.Super. 2010)). Having stated the relevant law, the Court turns now to Defendant's arguments.

Defendant's argues that his counsel was ineffective in allegedly compelling him to accept a guilty plea, and in failing to properly inform him that he was pleading to an amended information, and therefore that these caused him to enter a guilty plea that was not knowingly, intelligently, or voluntarily made. These issues may have had arguable merit if Defendant had presented credible evidence to prove his allegations. But Defendant has failed to do this. The

8

evidence presented by Defendant was his written guilty plea[3] and his own testimony, in which he claimed to have lied under oath when he made his plea.[4] "Recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. There is no less reliable form of proof, especially when it involves an admission of perjury." Commonwealth v. Coleman, 438 Pa. 373, 377, 264 A.2d 649, 651 (1970) (external citations omitted). *See also* Willis, 2013 PA Super 143, 68 A.3d at 1009; Commonwealth v. Pollard, 832 A.2d 517, 523 (Pa.Super. 2003) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

Defendant's answers and written initialed corrections at the time of the plea, combined with his oral admission of guilt to the facts of the crimes, his failure at that time to indicate in any way to the court that he was being compelled against his will to enter a plea, and his failure to file any motion to withdraw his plea, cast considerable doubt on his recanted testimony in which he claimed that he perjured himself at the plea hearing with regard to his plea being voluntary.

In contrast to Defendant's incredible testimony, this Court, after closely observing Attorney Emmi's demeanor and listening carefully to his testimony, found him to be a credible witness. Mr. Emmi testified that Defendant's plea was knowingly, intelligently, and voluntarily

---

[3] On Defendant's written and signed guilty plea, under the question, "Has anybody forced you to enter this plea of guilty and/or plea agreement?" The letters "Ye" are struck out, followed by "no" and Defendant's initials. This question was preceded by 19 consecutive questions which Defendant answered "Yes." Defendant admitted during the PCRA hearing that he wrote his initials by this change. Defendant also initialed the bottom of the page containing the question, and signed the guilty plea on the final page.

[4] When asked whether he answered the questions asked of his attorney during his colloquy under oath, Defendant stated, "Right. But when I took the deal, I lied." N.T. 6/9/14, at 49. When later asked whether he acknowledged the facts under oath to the District Attorney's Office during the plea colloquy, Defendant stated, "Yeah, I lied. I lied under oath." N.T. 6/9/14, at 91.

made, that at no point did he tell Defendant he would not return to represent him at trial, and that Defendant had actually admitted his guilt to him. Further, Mr. Emmi's testimony that he never told Defendant he would not return to represent him at trial is bolstered by the fact that he and Defendant had actually already selected a jury. In addition to this factual determination as to the credibility of Mr. Emmi's testimony and the incredibility of Defendant's testimony, this Court also notes the substantial benefit Defendant obtained by his plea agreement. This Court informed Defendant that it was against the offered plea agreement, and that it ultimately only accepted it upon in-person approval from the Attorney General's office.

By entering the plea agreement, which reduced the weight of cocaine from 146.9 grams to 49 grams, Defendant received a sentence of thirty to sixty months, substantially less than the seventy-two to ninety months indicated by the Guidelines for the 146.9 grams weight or receive the fifteen year statutory maximum. Additionally, the Commonwealth did not request the application of the mandatory minimum sentence of seven years that would apply in this case because of Defendant's prior drug convictions. Additionally, through the advocacy of Mr. Emmi, Defendant was provided a one month period before being required to report to the Beaver County Jail. *See* Pollard, 832 A.2d 517, 524 (Pa.Super. 2003) ("The desire of an accused to benefit from a plea bargain is a strong indicator of the voluntariness of his plea.").

Based on the Court's observation of Defendant's demeanor and testimony at the time of his plea compared with his later incredible recanted testimony, based on the credibility of Mr. Emmi's testimony, and considering the favorable terms of the plea agreement Mr. Emmi secured for Defendant, this Court finds that Defendant has not met his burden of proving that he was unlawfully induced into entering his plea. Nor is the Court convinced that Defendant did not understand that he was pleading to reduced charges as outlined in the plea agreement, placed on

10

the record, and memorialized by Defendant when he signed the amended Information in open court, waiving his arraignment to the reduced charges. N.T. 3/5/13, at 22-24.[5] The record clearly shows that Defendant was informed in open court of the reduced charges he was pleading to, the substantial benefit he obtained from pleading to those reduced charges in terms of the reduced weight and avoidance of them mandatory minimum sentence was explained to him, and he himself signed the amended Information and waived his arraignment. Based on these facts clearly present in the record, Defendant's argument that Mr. Emmi did not explain to him that he was pleading to an amended Information does not even meet the arguable merit prong for ineffective assistance counsel. *See* Sneed, 899 A.2d at 1076.

Rather, based on the evidence and the record, this Court finds that Defendant's plea was indeed knowingly, intelligently, and voluntarily made. Because his plea was knowingly, intelligently, and voluntarily made, Defendant's arguments that he was ineffectively represented

---

[5] In any event, Defendant did not include within any of his PCRA Petitions, nor amend any of his PCRA Petitions to include, his second argument of ineffective assistance of counsel with regard to the issue of his plea to an Amended Information. By failing to include this within his PCRA Petitions, this particular issue should be treated as waived, and including it within his Concise Statement is not effective to preserve the issue for appeal. Commonwealth v. Williams, 2006 Pa.Super. 121, 900 A.2d 906, 909 (2006). In Williams, the court stated:

> To the extent that Appellant's issue is couched in terms of trial counsel's and/or appellate counsel's ineffectiveness, our analysis is as follows. Under Pa.R.Crim.P. 902(B), "[e]ach ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." *See also Commonwealth v. Wharton*, 571 Pa. 85, 811 A.2d 978, 987 (2002). In the instant case, Appellant failed to raise, in his PCRA petition, ineffectiveness of trial counsel or appellate counsel with respect to allocution. Thus, those issues are waived.

> Even if the PCRA court had ordered Appellant to file a Concise Statement and Appellant had raised the allocution issue therein, that process would not avoid waiver. Generally, including an issue in a Concise Statement does not revive issues that were waived in earlier proceedings. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa.Super.2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

Thus, to the extent that Defendant's second argument differs from his first and the issue of his entering a knowing, intelligent, and voluntary waiver, it is waived by Defendant's failure to assert it within a PCRA Petition below. Id.

11

by counsel with regard to his entering a guilty plea have no merit. *See* <u>Willis</u>, 2013 Pa.Super.

143, 68 A.3d at 1001-02.

## CONCLUSION

For the aforementioned reasons, Defendant's appeal should be denied.

BY THE COURT

J.

KIM TESLA
JUDGE

2014 NOV 19  A 9: 20

BY THE COURT

12